**SHAFIR et al. v. WABASH R. CO.**

No. 4847.

District Court, W. D. Missouri, W. D.

Oct. 2, 1947.

Joseph Koralchik, of Kansas City, Mo., for plaintiff.

Sam B. Sebree and Sebree, Shook, Hardy & Hunter, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motion for a more definite statement in this case does not involve a clarification of the issues or of the averments because vague or ambiguous but simply seeks information.

For instance, the first request is to require the plaintiffs, "To set out in paragraph numbered 2 of their petition the property described in the bill of lading alleged to have been issued by the defendant." The second specification is that the plaintiffs be required, "To set out in said petition whether or not the property alleged to have been shipped had been sold at the time of shipment, and if so, the date and terms of any such sale or sales, and if more than one sale, the quantity sold in each sale." The third request for a specification is, "To set out in paragraph numbered 4 of said petition the date of said alleged assignments and the actual consideration therefor."

1. Adverting to paragraph (e) of Rule 12, Rules of Civil Procedure, as amended, 28 U.S.C.A. following section 723c, which amendment is now effective, it will be noted that the motion "for Bill of Particulars" has been deleted. The present provision of the Rule is: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." The part quoted is an amendment to the former Rule. The motion for a more definite statement and the motion for a bill of particulars as a rule are substantial equivalents, one of the other. The courts have so held. When the courts abolished the motion for a bill of particulars it did at the same time amend the rule with respect to a more definite statement so as to limit the cases where such a motion might be interposed. The reason for the abolition of the bill of particulars and for the limitation upon the motion for a more definite statement is that the rules of discovery are available to elicit details. To maintain the rule for a bill of particulars would have the effect to nullify Rule 8(a), Rules of Civil Procedure, by expanding pleadings rather than condensing them.

2. Paragraph (a) of Rule 8 prescribes what a complaint shall contain. Its averments must be in general terms, namely, "(2) a short and plain statement of the claim showing that the pleader is entitled to relief, * * *."

In this case plaintiffs have complied with the provisions of this rule. The information sought by the defendant may be obtained by a request for admissions, by interrogatories, or by a deposition.

It should be here stated that the courts had practically annulled the rule for bills of particulars long before the Supreme Court accepted a recommendation for the abolition or deletion of said rule.

It follows from the foregoing that the motion for a more definite statement should be overruled and it will be so ordered.